951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Betty EDGAR, Defendant-Appellant.
 No. 90-50261.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 11, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Betty Edgar appeals her conviction following a jury trial for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Edgar contends that the district erred by denying her motion to suppress evidence of cocaine found in her luggage pursuant to a warrant issued based upon the positive result of a police dog sniff test. Edgar argues that an illegal seizure occurred when police officers moved her luggage from a baggage check-in counter to an airport narcotics office. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 "We review de novo the lawfulness of a search. Findings of historical fact made at a suppression hearing are reviewed for clear error." United States v. Brown, 884 F.2d 1309, 1311 (9th Cir.1989) (citation omitted), cert. denied, 111 S.Ct. 520 (1990).
 
 
 4
 The seizure of a traveller's luggage is equivalent to the seizure of a person, when " 'there is some meaningful interference with an individual's possessory interest in that property.' " Brown, 884 F.2d at 1311 (quoting United States v. Jacobsen, 466 U.S. 109, 113 (1984)). Detention of property which a traveller has relinquished to a third party common carrier does not automatically constitute a seizure. See Brown, 884 F.2d at 1311. Meaningful interference with possessory interests occurs when an individual is subjected " 'to the possible disruption of ... [her] travel plans in order to remain with ... [her] luggage or arrange for its return.' " United States v. Beale, 736 F.2d 1289, 1292 (9th Cir.) (en banc) (quoting United States v. Place, 103 S.Ct. 2637, 2645 (1983)), cert. denied, 105 S.Ct. 565 (1984)
 
 
 5
 Here, Edgar arrived at Los Angeles International Airport ("LAX") between one and two hours prior to her scheduled flight and checked her luggage at the Delta Airlines desk. Police officers became suspicious of Edgar and asked her if they could search her luggage. Edgar did not consent. The officers then retrieved Edgar's luggage without her knowledge and moved it approximately 200 yards to the LAX Narcotics Office, where a narcotics-detecting dog sniffed the luggage. The dog gave a positive alert that the luggage contained narcotics. Roughly fifteen minutes elapsed from the time police officers first took Edgar's luggage until the positive result of the sniff test.
 
 
 6
 Had the sniff test proven negative, it was the policy of the LAX Narcotics Office to return the luggage to the airline as quickly as possible and in time to be loaded aboard the passenger's flight. The brief detention of Edgar's luggage would not have interfered with her travel arrangements or frustrated her expectations with respect to the luggage. See Brown, 884 F.2d at 1311. Thus, any interference with Edgar's possession of her luggage was minimal, see Beale, 736 F.2d at 1292, and did not constitute "a meaningful interference with possessory interests." See Brown, 884 F.2d at 1311.
 
 
 7
 Because Edgar was not inconvenienced or detained, nor were her travel plans infringed while drug officials conducted the sniff test, the district court properly denied the motion to suppress the evidence. See Beale, 736 F.2d at 1292.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3